## WHISTLER v ALLWARD et

Ohio Appeals, 3rd Dist, Hancock Co

No 369.   Decided Nov 28, 1936

Aubrey R. Moul, Findlay, for plaintiff-appellee.

Fred R. Hover, Findlay, and G. D. Whistler, for defendants-appellants.

## OPINION

By THE COURT

The marriage of Lenore K. Whistler and Jacob H. Whistler entered into subsequent to the prenuptial contract, is sufficient consideration to support the contract as against creditors. 21 **Ohio Jurisprudence,** 470, 471. The contract has been partially performed through the execution and delivery by Jacob H. Whistler to Lenore K. Whistler shall be in lieu of any dower rights, scribed in the contract agreed to be conveyed to her.

It is expressly provided in the contract that the two thousand dollar note payable after the death of Jacob H. Whistler, executed and delivered by him to Lenore K. Whistler shall be in lieu of any dower rights. or any other rights she may have in his personal estate or real estate, and said note is to be a valid lien against his estate.

Every express executory agreement in writing whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands not only of the original contractor, but of his heirs, administrators, executors, voluntary assignees, and purchasers or incumbrancers with notices. Volume 3, Pomeroy's Equity Jurisprudence, Fourth Edition, page 2962.

It is well settled that an agreement to charge or to assign, or to give security upon or to affect property not yet in existence or in the ownership of the party making the contract, or property to be acquired by him in the future, although it creates no legal estate or interest in the things when they afterwards come into existence or are acquired by the promisor, does constitute an equitable lieu upon the property so existing or acquired at a subsequent time, which is enforceable in the same manner and against the same parties as a lien upon specific things existing and owned by the contracting party at the date of the contract. Volume 3, Pomeroy's Equity Jurisprudence Fourth Edition, pages 2966 and 2967.

The fund to be charged with the lien is identified in the prenuptial agreement as the estate of Jacob H. Whistler. Upon the death of Jacob H. Whistler this identification became fixed and certain as to the fund being the specific property constituting his estate, and this property under the rules mentioned is the particular fund subject to the lien created in the prenuptial contract, and consequently there was no error in the judgment of the Common Pleas Court holding this item to be a lien on the property constituting the estate.

The prenuptial agreement further provided that Jacob H. Whistler gives Lenore K. Whistler the sum of five hundred dollars cash to be paid at his death, for her support, and this is in lieu of her yearly allowance—allowed her by law. This item is not expressly made a charge on the estate.

By stipulation between the executors of the estate and Lenore K. Whistler it was agreed that if Lenore K. Whistler as widow was entitled to a year's allowance that such allowance would be in the sum of five hundred dollars, which agreement was confirmed by the Probate Court.

While provisions made for a wife in an prenuptial contract in lieu of dower, statutory allowances and year's support will operate as a bar to such dower, statutory allowances and year's support they will not so operate unless it appear that the provisions of the contract in favor of the wife have been fairly performed. **Lowe et v Phillips, 14 Oh St 308.** Consequently the agreement to pay the five hundred dollars to Lenore K. Whistler for her support in lieu of her yearly allowance allowed her by law could only become effective as a bar to such allowance in the event of the performance of the agreement which would be by payment of the amount specified. In this situation Lenore K. Whistler is entitled to receive five hundred dollars in cash out of the estate in lieu of dower, or in the event such amount is not paid her, to receive five hundred dollars for her year's allowance. In either event the money would have to be paid to her out of the estate prior to the claims of creditors, devisees or legatees. There was therefore no error in the judgment of the Common Pleas Court holding that her claim for said five hundred dollars is a lien on said estate entitled to such priority.

For the reasons mentioned the judgment of the Common Pleas Court is affirmed.